| | | |
|---|---|---|
| **RANDALL DEWAYNE FOSTER  #00224880,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:15-cv-00775** |
| | ) | **Judge Campbell** |
| **v.** | ) | |
| | ) | |
| **DEE DAVID GAY and TARA WILLIE,**[1] | ) | |
| | ) | |
| **Defendants.** | ) | |

# M E M O R A N D U M

The plaintiff, an inmate at the Wilson County Jail in Lebanon, Tennessee, brings this *pro se*, *in forma pauperis* action against Sumner County Criminal Court Judge Dee David Gray and Assistant District Attorney General Tara Wyllie, challenging the sentence imposed in one of the plaintiff's state criminal cases after the revocation of his parole.  (Docket No. 1).  In his words, the plaintiff asks the court to "reinstate case #CR904-2010 count #2 back to probation and compensate me all the time I have served on case #CR904-2010 count #2 [as] count #1 has been flatened [sic] out as of January 2015."  (*Id*. at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I.      PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint

---

[1]The defendant's name is spelled incorrectly in the complaint.  Assistant District Attorney General Tara Wyllie is the proper spelling.

filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)

(citation omitted).

## III.    PLRA Screening

Plaintiff Foster seeks relief pursuant to 42 U.S.C. § 1983.  (Docket No. 1 at p. 2).    To state a claim under § 1983, the plaintiff must allege and show:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986));  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).  Both parts of this two-part test must be satisfied to support a claim under § 1983.  *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## IV.    Analysis

Although the plaintiff has framed his complaint against the defendants as a § 1983 civil rights action, the essence of his complaint is an attack on the sentence imposed in the plaintiff's state criminal case and the duration of his confinement.  (Docket No. 1 at p. 6).  The plaintiff believes that he should have been given credit for time served prior to his probation revocation and the imposition of a new sentence.  The plaintiff does not seek damages, only an alteration of his current sentence.

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).  A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief.  *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only

3

cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U .S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

Here, for the reasons stated above, the plaintiff's allegations do not state a claim upon relief can be granted under § 1983. The plaintiff's claims concerning the validity and duration of his continued confinement would be more appropriately brought in a separate petition for writ of *habeas corpus*.

## V. Conclusion

The plaintiff's claims pertaining to the validity and duration of his continued confinement are not appropriate for a § 1983 action. These claims, therefore, will be dismissed <u>without prejudice</u>, should the plaintiff wish to pursue them via the appropriate legal route.

An appropriate order will be entered.

Todd J. Campbell
United States District Judge